IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE YOUNG,

     Plaintiff,                    No. CIV S-11-0166 JAM CKD P

   vs.

D.K. SISTO,

     Defendant.            FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

      Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2007 disciplinary action taken against him for possession of a cell phone. Pending is respondent's July 7, 2011 motion to dismiss the petition for failure to state a cognizable federal habeas claim and, alternatively, for untimeliness. Petitioner has filed an opposition and respondent has filed a reply. For the reasons discussed below, the undersigned will recommend that respondent's motion be granted.

II. Background

      Petitioner is serving a state prison term of 17 years to life, plus five years, following a jury trial and conviction of second degree murder in the Fresno County Superior

Court. (Dkt. No. 1 ("Ptn.") at 18[1].)

In December 2007, petitioner was convicted in prison disciplinary proceedings of possessing a cell phone and sentenced to 60 days' forfeiture of credits.[2] (Ptn. at 30-32.) Plaintiff claimed that the phone was not his, and that he merely picked it up and handed it to a correctional officer at the officer's request. He requested the assistance of an investigative employee or staff assistant to help him develop his defense, but these requests were denied. (Id.) Petitioner alleges that prison officials denied him due process by not appointing him an investigative employee or a staff assistant and by finding him guilty based on insufficient evidence. He also claims that prison officials retaliated against him and violated his due process property rights by improperly confiscating his property, a television and a radio. Petitioner concedes that this property was later returned. (Ptn. at 2.) He seeks expungement of the 2007 disciplinary conviction, among other relief. (Ptn. at 16-28.)

Prison records indicate that, by the time the December 2007 credit loss was assessed, petitioner had already passed his minimum eligible parole date. (Dkt. No. 12-3 at 2-5.) In August 2008, petitioner was denied parole for two years. (Dkt. No. 12-3 at 3.) In August 2010, petitioner was denied parole for three years. (Dkt. No. 12-3 at 2.)

Petitioner administratively appealed the 2007 disciplinary action. His appeal was denied at the highest level of review on August 1, 2008. (Dkt. No. 12-2 at 37-42.) On November 12, 2008, petitioner filed a petition for habeas corpus challenging the 2007 conviction in the Solano County Superior Court; it was denied on January 8, 2009. (Dkt. Nos 12-2, 12-6 at 2.) On February 18, 2009, he filed a habeas petition in the California Court of Appeal, First District; it was summarily denied on February 26, 2009. (Dkt. No. 12-4, 12-6 at 6.) On May 14, 2009,

---

[1] Citations to the petition refer to page numbers assigned by the court's docketing system.

[2] Prison records indicate that in March 2010, this forfeiture was reduced to a 30-day loss of credits. (Dkt. No. 12-3 at 2-3.)

petitioner filed a habeas petition in the California Supreme Court, which was denied as procedurally deficient on October 14, 2009. (Dkt. No. 12-6 at 9-29.)

On November 14, 2009, petitioner filed his first federal habeas corpus petition challenging the 2007 disciplinary conviction. In March 2010, he voluntarily dismissed that petition after respondent filed a motion to dismiss for failing to exhaust state remedies. Young v. Sisto, CIV S-09-3279 MCE CMK (E.D. Cal., closed March 26, 2010).

On May 18, 2010, petitioner filed a second habeas petition in the California Supreme Court, which was summarily denied on November 17, 2010. (Dkt. No. 12-7 at 2-67.)

On January 19, 2011, petitioner filed the instant petition.

III. Respondent's Motion to Dismiss

    A. No cognizable federal habeas claim

        1. Parties' Arguments

Respondent first moves to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. This court has authority under Rule 4 to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]"[3] Respondent argues that, as none of petitioner's claims affect the fact or duration of his confinement, petitioner is not entitled to federal habeas relief.

Specifically, as to petitioner's due process claim that prison officials improperly confiscated his property, respondent argues that the relief petitioner requests – return of the property – has already occurred, as petitioner concedes. Respondent further argues that petitioner's property claim "obviously does not relate to the fact or duration of his confinement, and therefore is not cognizable under § 2254." (Dkt. No. 12 ("Mtn.") at 3.)

---

[3] As a corollary to that rule, the court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same grounds. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602–03 (9th Cir.1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for state procedural default).

As to petitioner's claim that he was improperly denied a staff assistant or investigative employee to assist in his defense to the 2007 charge of possessing a cell phone, respondent argues that plaintiff had no federal constitutional right to such assistance, citing Wolf v. McDonnell, 418 U.S. 539 (1974). In Wolf, the Supreme Court held that "[w]here an illiterate inmate is involved" or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or if that is forbidden, to have adequate substitute aid in the form of help from the staff or from a sufficiently competent inmate designated by the staff." Id. at 570. Here, respondent argues, petitioner is not illiterate and the issues underlying the disciplinary charge were not complex, so he had no federal constitutional claim to assistance at his 2007 disciplinary hearing.

Finally, respondent argues that the cell phone conviction did not affect the fact or duration of petitioner's confinement, and that petitioner's requested relief – expungement of the conviction from his prison record – is not "likely to accelerate petitioner's eligibility for parole." (Mtn. at 4-5, citing Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989).) Respondent notes that petitioner is a life-term inmate who passed his minimum eligible parole date before the 2007 conviction. Thus, petitioner will not be released until the California Board of Parole Hearings ("Board") finds him suitable for parole. Respondent also notes that the Board must consider all "relevant, reliable information" available to it, including the commitment offense itself, the inmate's social and criminal history, the inmate's past and present mental state, and past and present attitude toward the crime. (Mtn. at 5-6, citing Cal. Code Regs. tit. 15, § 2402(b).) In light of these many factors, respondent argues that expungement of the cell phone conviction would not fundamentally "alter the Board's calculus when reviewing [petitioner's] suitability" for parole, and thus petitioner does not state a claim for federal habeas relief. (Id. at 6.)

In his opposition to the motion, petitioner argues that he has been "denied parole twice due to his wrongful conviction" of possession of a cell phone, first in August 2008 and

again (presumably) in August 2010. (Dkt. No. 13 ("Opp."); see also Dkt. No. 12-3 at 2.) Petitioner attaches the Board's August 2008 decision denying him parole, in which Board members referred to the December 2007 cell phone conviction as "serious misconduct" and cited it among their reasons for denying parole. (Opp. at 11-15.) Petitioner asserts that his "parole could be affected for years to come" by the 2007 conviction and that "this type of issue could potentially affect the duration of his confinement." (Opp. at 2.)

In reply, respondent argues that "the transcript pages Young includes reflect that the Board's decision was based on a combination of factors, and it would be pure speculation to presume Young would be found suitable for parole but for the challenged disciplinary action. Thus, habeas jurisdiction is absent because Young's [p]etition would not necessarily accelerate his release." (Dkt. No. 15, citing Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).)

2. Analysis

This court has jurisdiction to consider habeas petitions where the petitioner is "in custody pursuant to the judgment of a State court" and alleges that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A writ of habeas corpus is not limited to immediate release from unlawful confinement, but rather is available to attack future confinement and obtain future releases. See Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827 (1973); see also Toussaint v. McCarthy, 801 F.2d 1080, 1096 n.14 (9th Cir. 1986)[4] ("To the extent that defendants may from time to time deny the credits due under sections 2931 and 2933, without affording a prisoner due process of law, that prisoner may obtain habeas corpus relief.").

Generally, a prisoner may challenge a prison disciplinary conviction by petition for writ of habeas corpus if the conviction resulted in the loss of good time credits, because credits impact the duration of the prisoner's confinement. Preiser at 487-88 (suit seeking restoration of

---

[4] Toussaint was abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995).

good time credits was "within the core of habeas corpus in attacking the very duration of their physical confinement itself").  Here, petitioner was assessed a 30-day credit loss for possessing a cell phone.  However, petitioner is a life-term inmate who passed his minimum eligible parole date prior to the 2007 conviction.  Because petitioner is serving the indeterminate portion of his sentence, he will not be released until the parole board finds him suitable for parole.  In such circumstances, restoration of petitioner's lost credits would not itself advance petitioner's date of release.  "This fact places petitioner's case in the same position as that of a habeas petitioner who challenges a disciplinary action that carries no credit loss."  Morris v. Haviland, No. CIV 10-0897 JAM EFB P, 2011 WL 3875708 at *2 (E.D. Cal. Sept. 1, 2011) (findings and recommendations adopted by district judge on November 14, 2011).

However, "[h]abeas corpus jurisdiction also exists when a petitioner seeks expungement of a disciplinary finding from his record if expungement is likely to accelerate the prisoner's eligibility for parole."  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see also Docken v. Chase, 393 F.3d 1024, 1031 (9th Cir. 2004) ("[W]e understand Bostic's use of the term 'likely' to identify claims with a sufficient nexus to the length of imprisonment so as to implicate, but not fall squarely within, the 'core' challenges identified by the Preiser Court.")

Pursuant to California Code of Regulations § 2402(a), the Board is required to determine petitioner's suitability for parole by considering:  his "involvement in other criminal misconduct which is reliably documented"; his "behavior before, during, and after the crime"; and whether he "has engaged in serious misconduct in prison or jail." Cal. Code Regs. tit. 15, § 2402(b), (c)(6) (2010).  Institutional behavior is given additional consideration because "[i]nstitutional activities indicate an enhanced ability to function within the law upon release."  Id. § 2402(d)(9).  Therefore, the Board is required to consider petitioner's prison disciplinary record in determining his suitability for parole.

\\\\\

\\\\\

Respondent argues that habeas jurisdiction is lacking because petitioner's challenge will not necessarily shorten petitioner's sentence, citing Preiser and Ramirez, supra.[5] However, the undersigned finds that expungement of petitioner's 2007 conviction, if warranted, is both "likely" to accelerate his eligibility for parole, Bostic, 884 F.2d at 1269, and "could potentially affect the duration of [his] confinement." Docken, 393 F.3d at 1031. See, e.g., Allen v. Swarthout, No. S-10-3257 GEB GGH P, 2011 WL 2075713 (E.D. Cal. May 23, 2011) (findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary conviction for cell phone possession, adopted by district judge on July 8, 2011); Johnson v. Swarthout, S-10-1568 KJM DAD, 2011 WL 1585859 at *2-3 (E.D. Cal. Apr. 22, 2011) (findings and recommendations recommending that habeas jurisdiction exists for a challenge to a disciplinary conviction, adopted by district judge on August 12, 2011); Hardney v. Carey, S-06-0300 LKK EFB, 2011 WL 1302147 at *5-8 (E.D. Cal. Mar. 31, 2011) (same, adopted by district judge on June 6, 2011); Murphy v. Dep't of Corrs. & Rehabilitation, 2008 WL 111226 at *7 (N.D. Cal. Jan. 9, 2008) (habeas corpus jurisdiction is proper to challenge a disciplinary guilty finding because "[a]s a matter of law, it is well established that a disciplinary violation may affect the duration of an inmate's confinement."); Drake v. Felker, S-07-0577 JKS, 2007 WL 4404432 at *2 (E.D. Cal. Dec. 13, 2007) (habeas corpus jurisdiction found to exist over a challenge to a disciplinary decision because "a negative disciplinary finding, at least in California, necessarily affects potential eligibility for parole").

---

[5] In Ramirez, a California state prisoner brought a civil rights action under 42 U.S.C. § 1983 seeking damages, declaratory relief and injunctive relief. Id. at 853. The prisoner's complaint alleged that the procedures of his prison disciplinary hearing and the term of his administrative segregation violated his constitutional rights. Id. at 852. The district court dismissed both claims. Id. The Ninth Circuit reversed, holding that an inmate can "challenge the conditions of his confinement under § 1983 [where] his claim, if successful, would not necessarily invalidate a disciplinary action that affects the fact or length of his confinement." Id. In dicta, the court in Ramirez suggested that its holding "also clarifies our prior decisions addressing the availability of habeas corpus to challenge the conditions of imprisonment." Id. at 858. The Ninth Circuit suggested that "habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Id. at 859.

1    The undersigned notes that some district courts have held the opposite. See, e.g.
Rhodes v. Evans, S-09-1842 JAM EFB, Docket Nos. 18, 20 (E.D. Cal. Apr. 4, 2011) (district judge held that challenge to disciplinary decision was not cognizable on habeas review, rejecting magistrate judge's recommendation); Norman v. Salazar, 2010 WL 2197541 at *2 (C.D. Cal. Jan. 26, 2010) ("the mere possibility that the 2006 disciplinary conviction could be detrimental to Petitioner in future parole hearings is too speculative to serve as the basis for a habeas corpus petition"); Santibanez v. Marshall, 2009 WL 1873044 at *7 (C.D. Cal. June 30, 2009) (claim seeking expungement of disciplinary conviction not cognizable on habeas review because it would have only speculative impact on the petitioner's consideration for parole in the future).

However, based on the record in the instant case, the undersigned finds that petitioner has stated a federal claim. The disciplinary finding for possession of contraband is "criminal misconduct which is reliably documented." Cal. Code Regs. tit. 15 § 2402(b). The Board is required to consider the violation because it reflects on petitioner's behavior "after the crime." Id. The Board explicitly cited petitioner's "serious misconduct," as reflected by his 2007 conviction, as one of many reasons in denying him parole. The Board also specifically recommended that petitioner stay disciplinary-free to improve the possibility of parole at his next hearing. (Opp. at 11-16.)

While it is arguable that some disciplinary findings could be too insignificant for habeas jurisdiction, the issue of cell phones in the prison environment has become quite serious. In October 2011, the Governor of California signed into law Senate Bill 26, criminalizing the smuggling and possession of cell phones in prison. Cal. Penal Code § 4576. See Allen v. Swarthout, supra, 2011 WL 2075713 (noting pendency of SB 26 in concluding that disciplinary conviction for possession of cell phone warranted habeas relief). Therefore, the undersigned finds that petitioner's claim that the 2007 conviction should be expunged from his record due to insufficient evidence is significant enough to warrant habeas review from this court.

\\\\\

1 As to petitioner's due process property claim, however, respondent's argument that petitioner has not stated a cognizable federal habeas claim has merit. Petitioner's requested relief, the return of his confiscated television and radio, has already occurred, and at any rate, this issue does not affect the fact or duration of petitioner's confinement. Thus these allegations fail to state a federal habeas claim under Rule 4.

Respondent's argument that petitioner had no federal constitutional right to assistance at his December 2007 disciplinary hearing is also meritorious. Petitioner does not assert in his opposition that he is illiterate or that the issues underlying his 2007 disciplinary conviction were complex, and neither appear to be true based on the record before the court. Thus, prison officials' failure to provide an investigative employee or staff assistant to help petitioner in the 2007 disciplinary proceedings did not violate his federal due process under the criteria set forth in Wolf, supra. Petitioner does not state a cognizable federal habeas claim on this ground.

B. Untimeliness

The next question before the court is whether petitioner's surviving claim – insufficient evidence for the 2007 cell phone conviction – is time-barred, as respondent contends.

1. Statute of limitations under the AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable. See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions. Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Where an inmate challenges a prison disciplinary adjudication, subdivision (D) of § 2244(d)(1) provides the applicable limitations period. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004). The statute of limitations begins to run the day after the inmate's final administrative appeal is denied. Id.

The AEDPA statute of limitations is tolled during the time a properly filed application for post-conviction relief is pending in state court. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192 (2006); Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In reviewing habeas petitions from California, the Ninth Circuit formerly employed a rule that where California courts did not explicitly dismiss a habeas petition for lack of

timeliness, the petition was presumed timely.  The United States Supreme Court has now rejected this approach and requires the lower federal courts to determine whether a state habeas petition was filed within what California would consider a reasonable period of time.  Chavis, 546 U.S. 189.  When a state post-conviction petition is determined to be untimely by a state court, that is the end of the matter for purposes of § 2244(d)(2).  Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408 [, 414], 125 S. Ct. 1807, 1812 (2005)); see also Carey, 536 U.S. at 226.  However, in the absence of a clear indication that petitioner's state habeas petitions were denied as untimely, this court is now charged with the duty of independently determining whether petitioner filed his state habeas petitions within what California would consider a reasonable time.  Chavis, 546 U.S. at 198.

### 2. Analysis

The one-year statute of limitations began to run on August 2, 2008, the day after petitioner's final administrative appeal of the disciplinary conviction was denied.  He did not file the instant petition until January 18, 2011, almost two-and-a-half years later.  Thus, absent statutory tolling, the petition is untimely.

Between August 2, 2008 and petitioner's filing of his first state habeas petition on November 12, 2008, there was a 103-day gap not subject to statutory tolling.  Nino, supra, 183 F.3d at 1006.

Respondent concedes that the period between January 8, 2009 and February 26, 2009 (marking the denials of petitioner's first and second state habeas petitions, respectively) was statutorily tolled.  (Mtn. at 8.)

Petitioner then waited until May 14, 2009, or 77 days, before filing his first petition in the California Supreme Court.  Respondent contends that this period is not subject to statutory tolling.  In his opposition, petitioner offers no reason for this delay (or any other delay discussed herein), except to generally assert that he has "continually litigated this case . . . in both state and federal court" and that "[t]he delays were simply beyond the control of this petitioner."

(Opp at 3.)

The Ninth Circuit recently has held that unexplained delays of 101, 115, and 146 days by California prisoners in seeking state habeas relief from the next highest state court is unreasonable for purposes of statutory tolling of the AEDPA statute of limitations. Chaffer v. Prosper, 592 F.3d 1046, 1048 & n.1 (9th Cir. 2010); Banjo v. Ayers, 614 F.3d 964, 970 (9th Cir. 2010). However, prior to these recent Ninth Circuit decisions no consensus has emerged among district courts in California as to the length of unexplained delay which is unreasonable in the wake of the decision in Chavis.[6]

In considering whether California courts would have found the habeas petition at issue in this case untimely had they elected to consider the issue, the undersigned finds it is important to note that petitioner's case is not a capital case. This is because California has been most concerned with the timeliness of habeas petitions in capital cases, providing a presumptive time period for timeliness applicable only to such cases. See Chavis, 546 U.S. at 202 & 209 (Stevens, J., concurring) (quoting Cal. Rules of Court Policy Statement 3, std. 1-1.1 (Deering

---

[6] E.g., Osumi v. Giurbino, 445 F. Supp. 2d 1152, 1158-59 (C.D. Cal. 2006) (96 and 98-day unexplained intervals between decision and filing of the next petition were not unreasonable); Reddick v. Felker, No. Civ S-07-1147 JAM KJM P, 2008 WL 4754812, *3 (E.D. Cal. Oct. 29, 2008) (64-day delay is not unreasonable and is subject to statutory tolling); Payne v. Davis, No. C 06-5310 SBA (PR), 2008 WL 941969, *4 (N.D. Cal. Mar. 31, 2008) (63-day delay "well-within" the reasonable delay contemplated in Evans); Terrell v. Woodford, No. CIV S-07-0784 LKK EFB P, 2008 WL 508490, *6 (E.D. Cal. Feb. 22, 2008) (68-day interval found reasonable); Skoor v. Tilton, No. CIV 06-1601, 2008 WL 152144, *19 (S.D. Cal. Jan. 16, 2008) (six-month delay neither unjustified nor unreasonable under Chavis); Stowers v. Evans, No. CIV S-05-2067 MCE GGH P, 2006 WL 829140, *2-3 (E.D. Cal. Mar. 29, 2006) (87-day interval between denial and subsequent filing not unreasonable); Lor v. Kramer, No. CV F-05-1556 AWI SMS HC, 2007 WL 1723300, *1 (E.D. Cal. June 13, 2007) (140-day interval found unreasonable but suggesting 88-day passage of time between denial and filing of the next petition was not unreasonable); Rodriguez v. Scribner, No. CV F-04-5530 DLB HC, 2006 WL 3762117, *5 (E.D. Cal. Dec. 20, 2006) (tolling 60 days of a 235-day delay in proceeding between levels of state habeas review because "the California Supreme Court would no doubt have found [it] reasonable"); but see Sigmon v. Kernan, No. CV 06-5807 AHM (JWJ), 2009 WL 1514700 at *5 (C.D. Cal. May 27, 2009) (unexplained 123-day delay would be found unreasonable by California courts); Forrister v. Woodford, No. CV F-05-00170 LJO WMW HC, 2007 WL 809991, *3 (E.D. Cal. Mar. 15, 2007) (88 day gap found unreasonable); Culver v. Director of Corrections, 450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006) (71 and 97-day periods found unreasonable).

2005) ("A petition for a writ of habeas corpus [in a capital case] will be presumed to be filed without substantial delay if it is filed within 180 days after the final due date for the filing of appellant's reply brief on the direct appeal . . . .")). However, "California's time limit for the filing of a habeas corpus petition in a noncapital case is more forgiving and more flexible than that employed by most states." Chavis, 546 U.S. at 202 (Stevens, J., concurring).

Here, the 77-day period between the California Court of Appeal's denial of petitioner's habeas petition and the filing of his next petition with the California Supreme Court is less than the six-month period of unexplained delay that the U.S. Supreme Court in Chavis found to be unreasonable, and also less than the 101-day period of unexplained delay that the Ninth Circuit in Chaffer found to be unreasonable. The undersigned finds that this delay was not unreasonable and the 77-day period was statutorily tolled. See Coffin v. Evans, No. S-10-0026 JAM EFB P, 2011 WL 3667421 (E.D. Cal. Aug. 22, 2011) (holding that "a mere sixty-five day delay in filing at the next highest state court is not 'substantially longer than the 30 to 60 days that most States allow for filing petitions'" and is subject to statutory tolling).

After the California Supreme Court denied petitioner's habeas petition on procedural grounds on October 14, 2009, petitioner did not file another petition in the California Supreme Court until May 18, 2010. (Petitioner filed and subsequently dismissed a federal habeas petition during this time period. However, there is no statutory tolling under AEDPA for pending federal habeas petitions. Duncan v. Walker, 533 U.S. 167, 181-82 (2002).) Thus, there was a 216-day gap between these state habeas petitions. Under Ninth Circuit precedent, as set forth above, petitioner is not entitled to statutory tolling for a gap of this length. Chaffer, supra, 592 F.3d at 1041; Banjo, supra, 614 F.3d at 970.

After petitioner's second petition to the California Supreme Court was denied on November 17, 2010, a 63-day gap ensued before petitioner filed the instant petition on January 19, 2011. This interval is not subject to statutory tolling. In total, petitioner waited 382 days (103 + 216 + 63) before seeking federal habeas review of his 2007 disciplinary conviction. Because

1  petitioner allowed more than a year to lapse before filing the instant petition, the insufficient
2  evidence claim is time-barred, and the petition should be dismissed in its entirety.
3        Accordingly, IT IS HEREBY RECOMMENDED that respondent's July, 7, 2011
4  motion to dismiss (Dkt. No. 12) be granted.
5        These findings and recommendations are submitted to the United States District
6  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
7  one days after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
10 shall be served and filed within fourteen days after service of the objections.  The parties are
11 advised that failure to file objections within the specified time may waive the right to appeal the
12 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
youn0166.mtd